IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| **Aerial D. Yarbrough,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 22-1442 |
| ) | |
| **Attorney General of the State of Illinois,** ) | |
| **United State Central District Attorney** ) | |
| **General, Jacksonville Correctional** ) | |
| **Center Warden Hawthorne,** ) | |
| ) | |
| **Respondents.** ) | |

## ORDER AND OPINION

Pending before the Court is Petitioner Aerial D. Yarbrough's Petition for a Writ of Habeas Corpus. The petition is not clear whether he seeks relief under § 2255 or § 2254. The basis of Petitioner's complaint is that his federal and state sentence are being run consecutively instead of being run concurrently. He lists the Attorney General of the state of Illinois, "the United States Central District Attorney General," and the Jacksonville Correctional Warden Hinthorne as respondents. The Court is unclear what petitioner means by "the United States Central District Attorney General," and he lodges complaints against the attorney representing him in state court as well as the attorneys representing him in his federal criminal case. Petitioner also already filed a motion in his criminal case number 1:13-cr-10111, requesting that his federal sentence be run concurrent to his state sentence, which was denied.

The Court initially ordered respondents to file a response but overlooked that they had not yet entered an appearance. A closer look at the case and its docketing reveal that was mistaken. While the court treated this case as a § 2255 case, it is not evident that was Petitioner's intention since he does not mention § 2255 and appears to list state court officials as respondents. To the

extent that he is attempting to bring a § 2254 case, he must have first given the state intermediate appellate and state supreme court the chance to review the issue he is raising on collateral attack. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *White v. Godinez*, 192 F.3d 607 (7th Cir. 1999). Petitioner does not provide any evidence of having exhausted his state court remedies.

To the extent that Petitioner may have intended to file either a § 2255 or § 2254 petition, the Court must notify Petitioner that such recharacterization may bar him from asserting a habeas challenge to his sentence at a later date. This is so because 28 U.S.C. § 2244(b) prohibits "second or successive" §2255 petitions. The Supreme Court requires that before recharacterizing a motion as a § 2255 motion, the district court "must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 385, 383 (2003). Courts have found that this notice requirement also applies to § 2254 petitions because "there is no meaningful way to distinguish between § 2254 and § 2255 with respect to the restrictions imposed by the AEDPA." *Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (quoting *Mason v. Myers*, 208 F.3d 414, 418 (3d Cir. 2000)); *see also Steverson v. Summers*, 258 F.3d 520, 523 n. 4 (6th Cir. 2001) ("Title 28 U.S.C. § 2255 is essentially equivalent to § 2254, the former being a postconviction remedy for federal prisoners and the latter available to 'a person in custody pursuant to the judgment of a State court.'"). Thus, a petitioner must present all of his known claims in his first petition, he cannot attack his conviction in piecemeal fashion. *See* Rule 2(c)(1) of the Rules Governing Section 2254 Cases (stating that the petition must "specify all the grounds for relief").

Here, Petitioner's intentions are unclear, and he does not clearly name the appropriate respondents. If petitioner intended to state a § 2254 petition, he may amend his petition to include additional claims alleging that his state court conviction and sentence were imposed in violation of the Constitution. He should also clarify whether he exhausted his claims in state court. Similarly, if Petitioner intends to state a § 2255 claim, he must do so clearly, naming the appropriate parties and stating how he believes the process violated his constitutional rights.

Accordingly, the Petition [1] is DENIED and Petitioner is ORDERED to amend his complaint within 45 days. This case will be dismissed with prejudice if Petitioner fails to amend his complaint.

As the Court finds it was not appropriate to treat this as a § 2255 petition without clear notice from the Petitioner and without Petitioner naming the appropriate parties and clearly stating his request for relief, the Court's Order directing a response (ECF No. 3) and the text order entered 05/19/2023 are VACATED.

ENTERED this 5th day of June, 2023.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge